UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RALPH ARTIAGA, III,<br>Plaintiff,<br>v.<br>BANK OF AMERICA, NA,<br>Defendant. | CASE NO. 2:26-cv-04032-RAJ-BAT<br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner of the Washington State Department of Corrections, filed a complaint alleging "Discrimination of Provisions and Services" by Defendant Bank of America in violation of 42 U.S.C. § 1981. Dkt. 5 at 4. The Court has reviewed the complaint and recommends it be dismissed with prejudice.

## DISCUSSION

### A. The Complaint

Plaintiff alleges in October 2023, Bank of America (BOA) violated 42 U.S.C. § 1981. In Count I, Plaintiff alleges "42 U.S.C. § 1981 Discrimination of Provisions and Services." Dkt. 5 at 4. In support, the complaint claims the BOA branch at 7153 MLK Jr. Way South in Seattle is racially biased towards African American customers because on October 25, 2023, the "bank management" at this BOA branch turned Plaintiff away and refused to allow Plaintiff to access

his bank funds "simply because of my skin color." *Id.* Plaintiff alleges he requested to withdraw $50,000 in cash, a bank manager looked at Plaintiff and Plaintiff asserts he assumes the manager thought Plaintiff was up to "something illegal/and or fraudulent" because a security guard was summoned and began to "harass" Plaintiff. *Id.* at 5-6. Plaintiff contends the security guard began to question Plaintiff and Plaintiff told the guard to "mind his da*m business." *Id.* at 7. When Plaintiff tried to withdraw a smaller amount—$5,000 and $1,000—he claims the teller told him his funds were "frozen" which was not true because Plaintiff went to the bank ATM, withdrew cash and showed the teller.

Plaintiff left the bank and returned a few hours later with a large amount of cash. Upon his arrival, Plaintiff claims he was met by a security guard who said "they're onto you." In response Plaintiff told the officer to "f#*k off" and went into the bank and the guard began to strike Plaintiff. *Id.* at 9.

Plaintiff contends he is an African American, a member of a protected class, and there "was definitely discriminatory intent" in the way he was treated. *Id.* at 10. Plaintiff alleges he has a "contractual agreement" with Bank of America and is thus protected against discrimination under § 1981.

In addition to alleging a violation of § 1981, Plaintiff raises state law claims: Count II alleges "premise liability; Negligence" in that BOA breached its duty to keep him safe by allowing the security officer to beat him. *Id*. at 11; Count III alleges "gross negligence" in that the security officer assaulted Plaintiff; Count IV alleges negligent infliction of emotional distress arising from the actions of the security officer; Count V alleges BOA negligently hired, supervised and retained the security office; and Count VI alleges "malicious prosecution" in that Defendants lied to Seattle Police officers by falsely claiming Plaintiff threatened to use a gun,

got aggressive, pushed the security office, acted in a way the officer thought he was going to be assaulted and used force against Plaintiff in self-defense. *Id* at 19.

Plaintiff also attached a medical record created on October 26, 2023 by Overlake Hospital in Bellevue, Washington regarding abrasions and cuts to Plaintiff's scalp; a criminal information filed on August 18, 2018 in King County Superior Court case number 18-1-04824-5-SEA charging Plaintiff with felony third degree assault and a certification of probable cause that Plaintiff submits as to "count 5"; and a Seattle Police Department narrative Plaintiff submits as to count 6 claim of "malicious prosecution." The police narrative indicates BOA turned Plaintiff away after he made comments about a gun BOA though were threatening and an altercation between Plaintiff and a security guard occurred after Plaintiff got into the guard's face and pushed him.

**B. Legal Standards**

The Court screens complaints filed by prisoners or detainees under 28 U.S.C. § 1915A(a). The Court shall "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

However, pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544 at 555. Also, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and conclusory allegations of law and unwarranted inferences are insufficient to avoid dismissal. *See e.g., Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Plaintiff filed a complaint alleging BOA violated his federal rights under 42 U.S.C. § 1981. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Section 1981 is violated if: (1) Plaintiff is a member of a racial minority; (2) Defendant intentionally discriminated against Plaintiff because of his or her race; and (3) the discrimination involved the making or enforcing of a contract. *See Allen v. U.S. Bancorp*., 264 F.Supp.2d 945, 948 (Dist. Oregon, 2003) (citations omitted). Section 1981 is not limited to the fundamental aspects of a contract. Rather, parties are prohibited from discriminating in all phases and incidents of the contractual relationship. *Rivers v. Roadway Exp., Inc*., 511 U.S. 298 (1994).

**C. The Complaint Fails to State a Federal Claim for § 1981 Relief**

The complaint alleges Plaintiff is a member of a racial minority but fails to set forth any facts showing Defendant BOA intentionally discriminated against Plaintiff. First, the complaint sets forth no facts that any employee at BOA made a racial remark or said anything that indicates or implies Plaintiff's race was involved. Plaintiff in fact states the denial of his request to withdraw funds was based upon the size of the withdrawal request—$50,000—which Plaintiff

avers he "totally understood," Dkt. 4 at 5, and because Plaintiff assumes the bank manager thought Plaintiff "was up to something illegal/and or fraudulent." *Id.* The complaint thus does not present any facts showing race played any part in BOA's initial denial of Plaintiff's request to withdraw large sums of cash from the bank and pleads facts to the contrary.

Plaintiff also alleges BOA employees lied to the Seattle Police about the altercation that occurred between Plaintiff and a security guard. Plaintiff alleges the security guard began striking him for no reason while the security officer and BOA employees stated they denied Plaintiff banking services because he made threatening statements about a gun, and the altercation between Plaintiff and the security guard started when Plaintiff got into the guard's face and pushed him. But both Plaintiff's version of events and the BOA employee's and security officer's versions do not indicate race was involved in turning Plaintiff away and the altercation that occurred.

Plaintiff makes conclusory statements such as "there was definitely discriminatory intent" Dkt. 4 at 10, but conclusory statements which amount to legal conclusions are insufficient to state a claim upon which relief may be granted. At best, Plaintiff has alleged potential state law claims as to whether the security guard used an impermissible amount of force on Plaintiff, which should be brought in a state court as a state tort action, and not in federal court.

In sum, Plaintiff, alleges BOA violated § 1981 but the complaint shows no facts supporting this, and pleads facts showing race was not a factor. The complaint shows BOA denied Plaintiff's withdrawal request due to the size of the request, Plaintiff speculates BOA believed Plaintiff's withdrawal request involved fraud or other criminal conduct, and Plaintiff and the security officer got into an altercation either for no reason at all, according to Plaintiff, or because Plaintiff push the security guard, as the BOA employees and the security guard told the

police. Accordingly, the Court recommends dismissing the complaint with prejudice for failure to state a § 1981 federal claim upon which relief may be granted.

If this recommendation is adopted, the Court also recommends denying leave to amend. Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Here, the complaint at best alleges a violation of state law for excessive use of force by a non-state action, i.e. a state tort. That allegation should be brought in a state court, as it does not constitute a federal claim for relief.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **November 10, 2026.** The Clerk shall note the matter for **November 11, 2026**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 26th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge